UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDRE LAWSON                                    Index No.:

                          Plaintiff,

          -against-                            **FIRST AMENDED COMPLAINT**

                                 Jury Trial Demanded

The CITY OF NEW YORK,
POLICE OFFICER PATRICK ROGIN,
POLICE OFFICER JOHN LANE,
POLICE OFFICER GIOVANNI FINI,
POLICE OFFICER BRIAN HARVEY, and
SERGEANT CHANCEL BISHOP,

                                Defendants.

-----------------------------------------------------------------X

Plaintiff, ANDRE LAWSON, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and POLICE OFFICER PATRICK ROGIN ("P.O. ROGIN"), POLICE OFFICER JOHN LANE ("P.O. LANE"), POLICE OFFICER GIOVANNI FINI ("P.O. FINI"), POLICE OFFICER BRIAN HARVEY ("P.O. HARVEY") and SERGEANT CHANCEL BISHOP ("SGT. BISHOP") , upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiff, ANDRE LAWSON seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICER PATRICK ROGIN, Shield No.: 28469, was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the

New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ROGIN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.     Defendant POLICE OFFICER JOHN LANE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. LANE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.     Defendant POLICE OFFICER BRIAN HARVEY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. HARVEY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and

scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER GIOVANNI FINI was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. FINI acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant SERGEANT CHANCEL BISHOP was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. BISHOP acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

12. On or about September 16, 2017 at approximately 2:00 A.M. at 526 Pennsylvania Avenue in Brooklyn, plaintiff was at home with his girlfriend when he slipped and fell in the shower. As a result of the fall plaintiff suffered a laceration to his back.

13. Plaintiff's girlfriend, worried that plaintiff needed stitches, called 911 and an ambulance was dispatched.

14. By the time the ambulance arrived plaintiff had already decided that he did not want to go to the hospital and he informed the EMT's that he did not want to go.

15. The EMT's provided some treatment and then insisted that he go with them to the hospital for additional medical attention.

16. Plaintiff declined to go.

17. One of the EMT's then called for assistance and two police officers arrived, including defendant P.O. ROGIN and P.O. HARVEY.

18. The defendant officers ordered plaintiff to get into the ambulance.

19. Plaintiff agreed to go but was not wearing anything more than sleeping clothes so he asked that he be allowed to change his clothes before leaving. The officers said no.

20. Plaintiff protested that he could not go to the hospital in just the tank top and shorts that he was wearing and requested that he at least be allowed to get a shirt.

21. P.O. ROGIN refused.

22. Plaintiff finally agreed to go to the hospital anyway.

23. Plaintiff was escorted down to the lobby of the building where he encountered more officers, including defendants P.O. LANE, P.O. FINI and SGT. BISHOP.

24. Standing just outside the lobby plaintiff again began to protest that he needed a shirt.

25. P.O. ROGIN grabbed a sheet from inside of the ambulance and tossed the sheet at plaintiff, saying that he could wear that or nothing.

26. Plaintiff tossed the sheet back and said he wouldn't wear it.

27. P.O. ROGIN then attacked plaintiff, grabbing him with his hands as if to force him down.

28. Almost simultaneously defendants P.O. LANE, P.O. FINI, P.O. HARVEY and SGT. BISHOP joined in and wrestled plaintiff to the ground.

29. Plaintiff was kicked, punched and elbowed by the defendants.

30. Then, as plaintiff laid face down on the ground, defendant FINI used a Taser to incapacitate him.

31. The officers then placed plaintiff in handcuffs and transported him in a police vehicle, first to Brookdale Hospital, where he received treatment, and then to the 75th Precinct in Brooklyn, where he was held for a period of time.

32. From the 75th Precinct plaintiff was brought to Central Booking in Brooklyn and charged with numerous offenses, including assault on a police officer (NYPL 120.05 (3) Assault in the Second Degree).

33. In a sworn criminal complaint, defendant P.O. ROGIN claimed that plaintiff "punched him in the mouth with a closed fist, causing [him] to fall down the stairs."

34. P.O. ROGIN also claimed to have suffered "substantial pain, a cut and bruising to the lip."

35. At arraignment plaintiff was released on his own recognizance and no indictment was ever issued against him related to these charges. The criminal complaint against him was dismissed without further prosecution.

36. Plaintiff denies ever striking P.O. ROGIN or any other officer.

37. At no time during the events described above did plaintiff commit any act for which he could be arrested or for which force could justifiably be used against him.

38. As a result of the acts of the defendants, plaintiff suffered substantial physical harm and extreme pain including but not limited to the exacerbation of his existing injury.

## AS FOR A FIRST CAUSE OF ACTION

### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983 AS AGAINST ALL DEFENDANTS*

39. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

40. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

41. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

42. At all times during the events describe above defendants lacked probable cause to charge plaintiff with criminal conduct.

---

43. All of the aforementioned acts of defendants were carried out under the color of

state law.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

46. The acts complained of deprived plaintiff of his rights:

A. To be free from excessive force;

B. To be free from false arrest;

C. To be free from unwarranted and malicious criminal prosecution;

D. To be free from deprivation of liberty without due process of law; and

E. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

*MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

47. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

48. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

49. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

50. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

51. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

52. The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violation of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 05/10/2018
       Brooklyn, NY

By: _____/s/Alexis G. Padilla_____

                    Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Andre Lawson*
575 Decatur Street #3
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com